**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **William Vincent,** | : |
| | : |
| **Plaintiff,** | : **Civil Action No.:** _____ |
| **v.** | : |
| | : |
| **Debt Recovery Solutions, LLC; and** | : **COMPLAINT** |
| **DOES 1-10, inclusive,** | : |
| | : |
| **Defendants.** | : **September 1, 2017** |
| | : |
| | : |

     For this Complaint, Plaintiff, William Vincent, by undersigned counsel, states as follows:

<u>JURISDICTION</u>

     1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA").and their agents in their illegal efforts to collect a consumer debt.

     2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

     3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

<u>PARTIES</u>

     4.    Plaintiff, William Vincent ("Plaintiff"), is an adult individual residing in Ridgefield, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and a "person" as defined by 47 U.S.C. § 153(39).

5.     Defendant Debt Recovery Solutions, LLC ("DRS"), is a New York business entity with an address of 900 Merchant's Concourse, Suite 106, Westbury, New York 11590, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and a "person" as defined by 47 U.S.C. § 153(39).

6.     Does 1-10 (the "Collectors") are individual collectors employed by DRS and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     DRS at all times acted by and through one or more of the Collectors.

<u>ALLEGATIONS APPLICABLE TO ALL COUNTS</u>

A. <u>The Debt</u>

8.     A person named William Vincent who is unknown to Plaintiff (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to DRS for collection, or DRS was employed by the Creditor to collect the Debt.

11.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>DRS Engages in Harassment and Abusive Tactics</u>

12.     Within the last year, DRS began calling Plaintiff's cellular telephone, number 203-xxx-9369, in an attempt to collect the Debt from the Debtor.

13.     At all times mentioned herein, DRS placed calls to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

14.     Plaintiff does not know how DRS acquired his cellular telephone number.  Plaintiff did not provide his cellular telephone number to DRS or to the Creditor.

15.     When Plaintiff answered calls from DRS, he heard a prerecorded message.

16.     Upon receiving the first message from DRS, Plaintiff called the specified number back and informed them that they were reaching him in error. Plaintiff also verified that the social security number DRS had listed as associated with the account did not match his.

17.     Shortly thereafter, Plaintiff sent a cease and desist letter to DRS via facsimile with a request for validation.

18.     Nevertheless, DRS continued to place automated calls in an attempt to collect from the Debtor.

C. <u>Plaintiff Suffered Actual Damages</u>

19.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

20.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the third party's debt on numerous occasions, without being asked to do so.

23.     Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication.

24.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

25.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

26.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27.     Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.

4

28.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

29.     Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,**
**Conn. Gen. Stat. § 42-110a, et seq.**

30.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

32.     Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

33.     Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, et seq.**

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     At all times mentioned herein, Defendants called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

36.     Defendants continued to place automated calls to Plaintiff's cellular telephone number despite knowing that they lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

37.     The telephone number called by Defendants was assigned to a

cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C.

§ 227(b)(1).

38.     Plaintiff was annoyed, harassed and inconvenienced by Defendants'

continued calls.

39.     The calls from Defendants to Plaintiff were not placed for

"emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

40.     Plaintiff is entitled to an award of $500.00 in statutory damages for

each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

41.     Plaintiff is entitled to an award of treble damages in an amount up to

$1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C.
    §1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15
    U.S.C. § 1692k(a)(3);

4.  Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6.  Punitive damages; and

7.  Such other and further relief as may be just and proper.

    TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 16, 2018

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Attorney for Plaintiff